J-S22035-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
KRISTINA M. GARRISON, :
:
Appellant : No. 1476 MDA 2015

Appeal from the Judgment of Sentence August 5, 2015,
in the Court of Common Pleas of Franklin County,
Criminal Division, at No: CP-28-CR-0001621-2013

BEFORE: MUNDY, DUBOW, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.: **FILED MARCH 31, 2016**

Kristina M. Garrison (Appellant) appeals from her August 5, 2015,

judgment of sentence, which the trial court imposed after revoking

Appellant's probation. In addition, Appellant's counsel has filed a petition to

withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738

(1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We

affirm the judgment of sentence and grant the petition to withdraw.

In September 2013, Appellant pled *nolo contendere* in Franklin County

to receiving stolen property and was sentenced to 24 months' probation.

Since the imposition of her sentence, Appellant has violated the terms of her

probation on four separate occasions. The most recent violation resulted in

Appellant's re-sentencing which is the subject of the instant appeal.

_____

*Retired Senior Judge assigned to the Superior Court.

On August 5, 2015, Appellant was resentenced after she waived her right to a **Gagnon II**[1] hearing and admitted she was in violation of her probation. N.T., 8/5/2015, at 3. At the re-sentencing, the trial court found Appellant violated her probation by failing to complete the special conditions of her probation. **Id.** at 14. The court revoked Appellant's Franklin County probation and sentenced her to serve 12 to 24 months' incarceration in a state correctional institution.[2] On August 24, 2015, Appellant timely filed a notice of appeal.[3]

The following principles guide our review of this matter:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[2] The court determined that Appellant is eligible for the Recidivism Risk Reduction Incentive (RRRI) program. **See** 61 Pa.C.S. §§ 4501–4512.

[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

Our Supreme Court has clarified portions of the ***Anders*** procedure:

Accordingly, we hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's application to withdraw and ***Anders*** brief, we conclude that counsel has complied substantially with the above requirements.[4] Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113

---

[4] Appellant has not responded to counsel's application to withdraw.

A.3d 1246, 1249 (Pa. Super. 2015) (quoting **Santiago**, 978 A.2d at 354 n. 5).

According to counsel, Appellant wishes to challenge the discretionary aspects of her sentence: "Did the trial court abuse its discretion when it sentenced [Appellant] to a sentence of 12 months to 24 months in a [s]tate [c]orrectional [i]nstitution?"[5] Appellant's Brief at 7.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

> > Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Disalvo**, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Instantly, Appellant has satisfied the first requirement by timely filing a notice of appeal. To satisfy the second requirement regarding preservation, we point out that "[o]bjections to the discretionary aspects of

---

[5] "[I]t is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." **Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa. Super. 2006).

a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013).

Appellant did not file a motion to modify the sentence imposed. Additionally, Appellant did not raise this issue at her sentencing hearing. **See** N.T., 8/5/2015. Therefore, Appellant has not preserved this issue, and it is waived. An issue that is waived is frivolous. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Consequently, we agree with counsel that this appeal is wholly frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." **Flowers**, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2016